WALLING, Administrator of Wage and Hour Division, United States Department of Labor, v. SONDOCK et al.

No. 10321.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1942.

Charles R. Reynolds, Jr., Principal Atty., U. S. Department of Labor, Warner W. Gardner, Sol., U. S. Department of Labor, Mortimer B. Wolf, Asst. Sol., U. S. Department of Labor, and Irving J. Levy, Associate Sol., U. S. Department of Labor, all of Washington, D. C., and Llewellyn B. Duke, Regional Atty., U. S. Department of Labor, of Dallas, Tex., for appellant.

Tom M. Davis and Dillon Anderson, both of Houston, Tex., for appellees.

Before HOLMES and McCORD, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

Appellees operate an agency engaged in the business of furnishing guards or watchmen to various customers in and about Houston, Texas. The question for decision is whether appellees are subject to the provisions of Sections 6 and 7 of the Fair Labor Standards Act of 1938[1] with respect to those of their employees that are furnished to customers engaged in the production of goods for commerce or the distribution of goods in commerce.

Whether or not the Act, 29 U.S. C.A. § 151 et seq., is applicable in a given instance depends upon the character of the duties performed by the employee;[2] and, if the work of the employee has such close and immediate connection with the process of production for commerce as to be an essential part of it, such employee is engaged in the production of goods for commerce within the meaning of the Act.[3] Similarly, if an employee's services are part of and contribute materially to the consummation of transactions in interstate commerce, the employee is engaged in commerce as defined by the Act. Upon these principles, those watchmen charged with the protection and preservation of the buildings and machinery used to produce goods for commerce perform duties having an essential relationship to the process of producing and distributing goods in interstate commerce.

Alternatively, appellees contend that these employees were engaged in a service establishment, the greater part of whose servicing was in intrastate commerce; that, by reason thereof, Section 13(a) (2) of the Act, renders Sections 6 and 7 thereof inapplicable to them. It was upon the ground that the agency was a service establishment that the court below gave judgment for the appellees.

[1] 29 U.S.C.A. §§ 206, 207.

[2] Fleming v. Jacksonville Paper Co., 5 Cir., 128 F.2d 395.

[3] Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. —.

Upon the authority of Kirschbaum v. Walling,[4] and by analogous reasoning, we hold that these employees were not engaged in a service establishment within the meaning of said Section 13(a) (2). For this reason the judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

---

[4] See 83 Congress. Record, 1938, pages 7436–7438; Senate Bill 2475 as passed by Senate July 31, 1937, Sec. 2(a) (7), as amended by House May 24, 1938, Sec. 6 (c).

