SOL COHEN et al., Plaintiffs, *v.* CAULDWELL-WINGATE Co., INC., et al., Defendants.

Supreme Court, Trial Term, Bronx County, July 9, 1945.

*I. Ben Greenman* for plaintiffs.

*L. Mansdorf* and *John F. X. McGohey* for Cauldwell-Wingate Co., Inc., defendant.

CoHALAN, J. This action is brought under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). Plaintiffs seek to recover alleged overtime compensation, liquidated damages and counsel fees. The defendants erected Camp Shanks at Orangeburg, New York; this under a government cost-plus-a-fixed-fee-basis contract. All the plaintiffs were employed either as cost clerks, timekeepers or timecheckers. They had no written contracts but were hired at a weekly rate and were listed as administrative and nonmanual personnel. They claim that they were (1) engaged in interstate commerce; and (2) in the production of goods for interstate commerce.

The burden of proof as to both these claims is on the plaintiffs. They have not sustained it in either instance. The work at Camp Shanks was local construction at a location wholly in this State. The work done by the individual plaintiffs did not in anywise require their leaving the State of New York. They were to check and report activities wholly within the State. It is true that material from outside the State was used in part. It is likewise a fact that the camp was by railroad, river traffic, telephone and telegraph wires and highways connected with the outside world. It was testified that some of the employees lived in the State of New Jersey. There was nothing manufactured at the camp. After the camp was in operation troops came and went by railroad, highway and ship. It must be obvious that this proof would not justify a holding favorable to plaintiffs. Necessarily, any military camp was a part of the war endeavor and was erected only for that purpose. Necessarily, like every village in the United States, it was connected with the outside world and could not find in New York State alone all the material necessary for its proper construction.

The plaintiffs do not meet the tests enumerated in the controlling authorities (*McLeod* v. *Threlkeld,* 319 U. S. 491, 497; *Kirschbaum Co.* v. *Walling,* 316 U. S. 517, 525, 526; *Walling* v. *Sondock,* 132 F. 2d 77, 78, certiorari denied 318 U. S. 772; see, also, *Stoike* v. *First National Bank,* 290 N. Y. 195, certiorari denied, 320 U. S. 762; *Barbe* v. *Cummins Const. Co.,* 49 F. Supp. 168, 171).

Judgment for defendant.