**BURTON et al. v. ZIMMERMAN.**

**No. 4946.**

Circuit Court of Appeals, Fourth Circuit.

Nov. 9, 1942.

**SWITZER v. UNITED STATES.**

**No. 9044.**

Circuit Court of Appeals, Sixth Circuit.

Oct. 19, 1942.

378

Edward W. Mullins, of Columbia, S. C. (Richard T. Maher, of Columbia, S. C., on the brief), for appellants.

J. E. Belser, of Columbia, S. C. (Melton & Belser, of Columbia, S. C., on the brief), for appellee.

Irving J. Levy, Acting Sol., of Washington, D. C. (Mortimer B. Wolf, Asst. Sol., of Washington, D. C., George A. Downing, Regional Atty.,of Atlanta, Ga., George W. Crockett, Jr., and Isadore Rosenblatt, Attys., United States Department of Labor, both of Washington, D. C., on the brief), for Administrator of Wage and Hour Division, United States Department of Labor, Amicus Curiae.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing an action brought pursuant to section 16(b) of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., to recover unpaid minimum wages and overtime compensation, together with an additional equal amount as liquidated damages, plus attorneys' fees and costs. Plaintiffs were employed as porters and laborers in a fifteen story office building in Columbia, S. C. They alleged that the tenants of the building were "engaged in interstate commerce or the production of goods for such commerce". The court below held that the only question involved was "whether plaintiffs, as employees working in the office building, were engaged in interstate commerce", and dismissed the action on the ground that it was not the intention of Congress to bring employees of the class of plaintiffs within the protection of the legislation.

The decision below was rendered prior to the decision of the Supreme Court in Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638. In the light of that decision, there can be no question but that the lower court was in error, if regard be had to the wording of the complaint that the tenants of the building were "engaged in interstate commerce *or the production of goods for interstate commerce*" (Italics supplied), the latter phrase making the case at bar on "all fours" with the case decided by the Supreme Court. In this court, however, plaintiffs admit in their brief that the defendant "has not tenants who produce or manufacture goods which move in commerce." In view of this admission, the complaint must be interpreted as though the words "or the production of goods for such commerce" were not contained in it; and defendant contends that the remaining allegation, i. e., that the tenants were "engaged in interstate commerce", is not enough to bring plaintiffs within the protection of the act. We cannot sustain the dismissal of the complaint, however, unless we are prepared to hold that, no matter what might be shown under the allegation that the tenants of the building were engaged in interstate commerce, plaintiffs, as porters and laborers within the

building, would not be engaged in interstate commerce within the meaning of the act when rendering services necessary to the activities of the tenants. We are not prepared to so hold.

■■ Whether plaintiffs come within the act or not, is a question to be decided upon the facts, when the nature of the business of the tenants is fully disclosed and the connection with that business of the work done by plaintiffs is established. The Supreme Court has pointed out, in the Kirschbaum case, that it is not helpful to lay down general propositions in the application of the statute, but that its scope must be defined in the gradual process of inclusion and exclusion as applied to the facts of particular cases. 316 U.S. 517, 62 S.Ct. at page 1121, 86 L.Ed. 1638. No useful purpose would be served, therefore, by a discussion of the questions which may be involved in the case until the facts are fully before us; and we shall accordingly reverse the decision below and remand the case for further proceedings.

Reversed.