## WALTON, ADMINISTRATRIX, *v.* SOUTHERN PACKAGE CORPORATION.

No. 159. Argued December 17, 1943.—Decided January 3, 1944.

*Mr. Chas. F. Engle* submitted for petitioner.

*Mrs. Elizabeth Hulen,* with whom *Messrs. William H. Watkins* and *P. H. Eager, Jr.* were on the brief, for respondent.

By special leave of Court, *Mr. Robert L. Stern,* with whom *Solicitor General Fahy, Messrs. Douglas B. Maggs,*

*Irving J. Levy,* and *Joseph I. Nachman,* and *Miss Bessie Margolin* were on the brief, for the Administrator of the Wage and Hour Division, U. S. Department of Labor, as *amicus curiae,* urging reversal.

MR. JUSTICE BLACK delivered the opinion of the Court.

This is a suit brought against the respondent by an employee, Fred Walton, in a Mississippi state court to recover overtime compensation and liquidated damages as authorized by § 16 (b) of the Fair Labor Standards Act of 1938.[1] Walton died before the case was tried and the suit was revived by his administratrix, the petitioner here. A judgment for the petitioner rendered by the trial court was reversed by the Mississippi Supreme Court[2] on the ground that Walton had not been employed in the production of goods for interstate commerce or in "any process or occupation necessary to the production thereof,"[3] and therefore was not covered by the Act. We granted certiorari because this interpretation of the Act raised a federal question of importance and because of the claim by petitioner that the interpretation was in conflict with our decision in *A. B. Kirschbaum Co.* v. *Walling,* 316 U. S. 517.

The case was tried on an agreed statement of facts which in brief summary showed:

The respondent operated a plant in Mississippi in which veneer was manufactured from logs. A substantial portion of the manufactured product was destined for shipment in interstate commerce. Walton worked at the plant as a night watchman. His work week ex-

---

[1] 52 Stat. 1069; U. S. C. Title 29, § 216 (b).

[2] 194 Miss. 573, 11 So. 2d 912.

[3] Section 3 (j) of the Act provides that, "An employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing . . . such goods, or in any process or occupation necessary to the production thereof." 52 Stat. 1061; U. S. C. Title 29, § 203 (j).

ceeded the maximum hours prescribed by the Fair Labor Standards Act during the period in question. His duties were to make hourly rounds of the plant, punch the nightwatchman's clocks at various stations on the plant, and report any fires and trespassers. The fire insurance company which insured the plant's buildings, machinery, and fixtures required respondent to have a night watchman as a condition to granting reduced premium rates. Respondent's desire to obtain these reduced rates was the primary reason why Walton was employed. The plant was not operated at night while Walton was on duty and he did not physically assist in the manufacture or shipment of veneer.

In holding that these facts fell short of proving that Walton's work was "necessary to the production" of respondent's goods, the Mississippi Supreme Court particularly emphasized that Walton had no other duties to perform in addition to his regular duties as a night watchman; that he engaged in no manual activities connected with production; that he was not specially employed to protect goods assembled for manufacture or awaiting shipment in interstate commerce; and that no goods were manufactured during the hours he was on guard. Under our decision in the *Kirschbaum* case, *supra,* no one of these facts standing alone, nor all of them together, can support the Court's conclusion that the nature of Walton's employment left him without the Act's protection. His duty was to aid in protecting the building, machinery, and equipment from injury or destruction by fire or trespass. The very fact that a fire insurance company was willing to reduce its premiums upon conditions that a night watchman be kept on guard is evidence that a watchman would make a valuable contribution to the continuous production of respondent's goods. "The maintenance of a safe, habitable building is indispensable to that activity." *A. B. Kirschbaum Co.* v. *Walling, supra,* 524. The relationship of Walton's employment to production was therefore not "tenuous" but

had that "close and immediate tie with the process of production for commerce" which brought him within the coverage of the Act. *Ibid.*, 525.

The judgment is reversed and the cause is remanded to the Mississippi Supreme Court for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE ROBERTS, considering himself bound by the decision in *Kirschbaum* v. *Walling,* 316 U. S. 517, concurs in the result.