DAVILA v. PORTO RICO RY. LIGHT & POWER CO.

No. 3971.

Circuit Court of Appeals, First Circuit.

June 15, 1944.

Enrique Igaravidez, of San Juan, P. R., for appellant.

Henri Brown, of San Juan, P. R., for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This is an action to recover minimum and overtime compensation, liquidated damages and attorney's fee under the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. The complaint alleged that the appellee, Porto Rico Railway Light & Power Co., was engaged in the production, distribution and sale of electric power and energy used by plants in the production of goods for interstate commerce, and that appellant was employed by appellee as chauffeur to its general manager to drive him to conferences, hearings, inspections of plants and to deliver documents and run errands for the manager and that such work was "necessary and indispensable for the regular and uninterrupted production, distribution and sale of electric energy" used for the production of goods for interstate commerce. In dismissing the complaint for failure to state a cause of action, the lower court cited and relied on A. B. Kirschbaum Co. v. Walling, 1942, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638, and McLeod v. Threlkeld, 1943, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538.

Section 6 of the Act provides that an employer must pay prescribed minimum wages "to each of his employees who is engaged in commerce or in the production of goods for commerce" and § 7 requires overtime compensation for such employees. The applicable provision here is "engaged in the production of goods for commerce" not "engaged in comerce." As defined in § 3(j) "an employee shall be deemed to have been engaged in the production of goods if such employee was employed in * * * any process or occupation necessary to the production thereof, in any State." [1] McLeod v. Threlkeld, supra, on the other hand, was concerned with the phrase "engaged in commerce" and should not have been relied upon by the trial court. "McLeod was not engaged in the production of goods for commerce. His duties as cook and caretaker for maintenance-of-way men on a railroad lie completely outside that clause. Our question is whether he was 'engaged in commerce.'" 319 U.S. at page 493, 63 S.Ct. at page 1250, 87 L.Ed. 1538. As pointed out in the dissenting opinion, "If the applicable provision were 'engaged in the production of goods for commerce' instead of 'engaged in commerce', our decisions make it clear that employees such as the janitor and the shop tender and probably petitioner would be within the Act". 319 U.S. at page 501, 63 S.Ct. at page 1253, 87 L.Ed. 1538. The coverage of the clause "engaged in the production of goods for commerce" is thus broader than that of "engaged in commerce."

[1] "Sec. 3. As used in this Act—
*     *     *     *     *
"(c) 'State' means any State of the United States or the District of Columbia or any Territory or possession of the United States."

238

We think it clear that some of the employees of appellee are covered by the Act. In A. B. Kirschbaum Co. v. Walling, supra, the Supreme Court held within the Act the electrician of a loft building, who maintained the system which furnished the tenants with light and power to manufacture goods for interstate commerce. The court said, "without light and heat and power the tenants could not engage, as they do, in the production of goods for interstate commerce. The maintenance of a safe, habitable building is indispensable to that activity." 316 U.S. at page 524, 62 S. Ct. at page 1120, 86 L.Ed. 1638. Porters and watchmen for the building were also held within the Act.

In holding within the Act a night watchman for a manufacturing plant which shipped a substantial portion of its products in interstate commerce, the Supreme Court said that the fact that the man "had no other duties to perform in addition to his regular duties as a night watchman; that he engaged in no manual activities connected with production; that he was not specially employed to protect goods assembled for manufacture or awaiting shipment in interstate commerce; and that no goods were manufactured during the hours he was on guard" could not support the conclusion of the Mississippi Supreme Court, 194 Miss. 573, 11 So.2d 912, that the watchman was not "necessary to the production [of goods]." Walton v. Southern Package Corporation, 1944, 320 U.S. 540, 542, 64 S.Ct. 320, 321.

■■■ Since the criterion of whether the work of a particular employee is so closely connected with the process of production for commerce as to make his occupation "necessary to the production of goods for commerce" is one of degree (A. B. Kirschbaum Co. v. Walling, supra, 316 U.S. at page 526, 62 S.Ct. at page 1121, 86 L.Ed. 1638), it is necessary in a borderline case such as this one that the court have before it detailed pertinent facts as to the employer's business and the employee's duties before deciding the question of coverage. As was pointed out by the Eighth Circuit: "Under the Fair Labor Standards Act * * * a complaint ought not to be dismissed for informality or insufficiency of statement, unless it appears to a certainty that, under any state of facts which may be proved in support of the asserted claim, no basic right of action can possibly exist. * * *" Stratton v.

Farmers Produce Co., 8 Cir., 1943, 134 F. 2d 825, 827. Musteen v. Johnson, 8 Cir., 1943, 133 F.2d 106.

The judgment of dismissal is reversed and the cause is remanded, with directions to reinstate the complaint, and for further proceedings.