## CASTAING et al. v. PUERTO RICAN AMERICAN SUGAR REFINERY, Inc.

### No. 3988.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1944.

Frank Torres, of Ponce, Puerto Rico, for appellants.

Orlando J. Antonsanti, of San Juan, Puerto Rico, for appellee.

Douglas B. Maggs, Sol., Bessie Margolin, Asst. Sol., and George W. Kretzinger, Jr., Regional Atty., all of Washington, D. C., Joseph I. Nachman, of Staunton, Va., and George M. Szabad, of Washington, D. C., for Administrator of Wage and Hour.

404

Division of the United States Department of Labor, as amicus curiae.

Before MAHONEY and WOODBURY, Circuit Judges, and FORD, District Judge.

MAHONEY, Circuit Judge.

The plaintiffs brought this action to recover minimum and overtime compensation, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. The defendant, Puerto Rican American Sugar Refinery, Inc., is engaged in the production of raw and refined sugar which was sold or contemplated to be sold in the flow of interstate commerce. In the complaint it is alleged that the plaintiffs at the special instance and request of the defendant "were employed in the washing, ironing, cleaning, preparation and delivery of caps, towels and aprons necessary and incidental to the sanitary handling of raw and refined sugar." The defendant moved to dismiss on the ground that the complaint failed to state a cause of action. The court granted the motion holding that the complaint contained no allegation that the plaintiffs were engaged in the production of goods for commerce or that they were engaged in interstate commerce. It stated that the complaint was not susceptible of amendment and entered its order of dismissal with prejudice. From this order an appeal has been taken.

▮ In carrying out the aims and purposes of the Fair Labor Standards Act the courts have given it a liberal construction and have interpreted it to include all employees who may reasonably be deemed to be within its scope. To obtain the benefits of the minimum wage and maximum hour provisions under §§ 6 and 7 of the Act the employee must be engaged in commerce or in the production of goods for commerce. In § 3(j) the employee "shall be deemed to have been engaged in the production of goods if such employee was employed * * * *in any process or occupation necessary to the production thereof.*" (Italics supplied.) The lower court, in its order of dismissal, cited McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L. Ed. 1538, and said: "If a person who prepares and serves meals for workmen is not within the coverage of the Fair Labor Standards Act, surely one who is employed to laundry the clothes worn by the workers would not be entitled to the protection of the Act." In that case the petitioner was a cook and caretaker for maintenance-of-way men on a railroad and the court held that he did not come within the clause "engaged in commerce". His work was to supply the food, and this was considered a personal need of the employees remote from commerce. But in the case under consideration the language of the complaint is that the plaintiffs were employed in work necessary and incidental to the production of goods for interstate commerce. We are not concerned with the laundering of the ordinary clothing and wearing apparel of the other employees. Our problem relates only to the washing, ironing, cleaning, preparation and delivery of articles used by them and necessary and incidental to the sanitary production of sugar. Obviously, this is not supplying the personal needs of the employees comparable to the furnishing of food in McLeod v. Threlkeld, supra. The food there was a necessity apart from the work on the railroad. Here the caps, towels and aprons were used in the sanitary handling and production of sugar and for no other purpose. We cannot say as a certainty that the plaintiffs would not come within the Act under any evidence which might be produced by them in support of their claim.

The Supreme Court has held that porters who were employed to keep the buildings where goods were manufactured for commerce clean and habitable have "such a close and immediate tie with the process of production for commerce, * * * that the employees are to be regarded as engaged in an occupation 'necessary to the production of goods for commerce'" and entitled to the benefits of the Act. A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 1121, 86 L.Ed. 1638. It has also held in reversing the Mississippi Supreme Court that the relationship of a night watchman's employment to production in a plant where veneer was manufactured from logs for shipment in interstate commerce was not "tenuous" but had an immediate tie with the process of production for commerce which brought him within the Act, although the evidence showed that no goods were manufactured during the hours he was employed. Walton v. Southern Package Corporation, 320 U.S. 540, 64 S.Ct. 320.

The defendant argues that because the plaintiffs were not actually engaged in the production of goods for commerce, but only engaged in laundering articles which were used by some of defendant's employees who were actually engaged in the production of goods for commerce, they do not come within the provisions of the Act. But the question here is whether under § 3(j) they are engaged in an "occupation necessary to the production" of such goods.

In determining whether an employee is covered by the Act, the court should have before it all the pertinent facts concerning an employer's business and the work performed by the employee. As stated in Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108: "there is no justification for dismissing a complaint for insufficiency of statement, except when it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him." And the same court held in Stratton v. Farmer's Produce Co., 8 Cir., 134 F.2d 825, 827, that "whether the work of a particular employee, in an industry that is under the Fair Labor Standards Act, is within the operation of the wage and hour provisions * * * should therefore ordinarily be determined from the evidence on a trial and not from a technical construction of the pleadings."

The same reasoning applies in this case as in the case of Davila v. Porto Rico Railway Light & Power Co., 143 F.2d 236, 238, recently decided by us, where we reinstated a complaint which had been dismissed by the lower court. There we said:

"Since the criterion of whether the work of a particular employee is so closely connected with the process of production for commerce as to make his occupation 'necessary to the production of goods for commerce' is one of degree (A. B. Kirschbaum Co. v. Walling, supra, 316 U.S. at page 526, 62 S.Ct. [1116], 86 L.Ed. 1638) it is necessary in a borderline case such as this one that the court have before it detailed pertinent facts as to the employer's business and the employee's duties before deciding the question of coverage."

The order of dismissal is reversed and the case is remanded with directions to reinstate the complaint and for further proceedings.