## BALDWIN et al. v. EMIGRANT INDUS-TRIAL SAV. BANK.
### No. 356.

Circuit Court of Appeals, Second Circuit.
July 12, 1945.

Moses M. Cohen, of New York City (James L. Goldwater and Leon Liner, both of New York City, on the brief), for appellants.

Harold H. Levin, of New York City (Proskauer, Rose, Goetz & Mendelsohn, of New York City, on the brief), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Plaintiffs, maintenance employees in defendant's thirteen-story building in New York City, rented to some thirty-five tenants, brought this action for the recovery of overtime wages, liquidated damages, and counsel fees under § 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b). The District Court ruled that, since "with minor exceptions the building was used by tenants for offices and showrooms," with "no manufacturing or processing" carried on at the building, plaintiffs were not within the coverage of the Act. Accordingly it dismissed the action, and plaintiffs have appealed.

■■ The ten plaintiffs include passenger elevator operators, a freight elevator operator, a porter, a relief elevator operator, watchmen, and firemen. The District Court found that a substantial number of the tenants in the building who occupy offices, storerooms, and showrooms take orders for goods manufactured elsewhere and sell them to customers within and without the state and are thus clearly engaged in interstate commerce. But this does not mean that the plaintiffs, too, are engaged in interstate commerce, for their activities are not "actually in or so closely related to the movement of the commerce as to be a part of it." McLeod v. Threlkeld, 319 U.S. 491, 497, 63 S.Ct. 1248, 1251, 87 L.Ed. 1538. The Fair Labor Standards Act, however, regulates wages and hours not only of employees who are "engaged in commerce," but also of those engaged "in the production of goods for commerce." §§ 6, 7, 29 U.S.C.A. §§ 206, 207. We must ascertain, therefore, whether or not the plaintiffs here are covered by virtue of this latter phrase.

■ The Supreme Court has held that service employees of a building occupied by tenants engaged in manufacturing are in an occupation necessary to the production of goods for commerce and therefore within the coverage of the Act. A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638. In Callus v. 10 East Fortieth Street Building, Inc., 2 Cir., 146 F.2d 438, this court interpreted the Kirschbaum case to imply coverage of maintenance employees of a building of which more than 20 per cent was devoted largely to miscellaneous offices of manufacturers. We adopted the figure of 20 per cent because it was the reasonable standard fixed by the Administrator. But the Supreme Court reversed on the ground that the renting of office space used for the carrying on of ordinary office activities "is local business and makes the employees of such a building engaged in local business." 10 East 40th Street Building, Inc., v. Callus, 65 S.Ct. 1227, 1229. The Court did, however, reaffirm its holding in the Kirschbaum case. The line it drew appears to be that maintenance employees of a building such as the one here involved are covered by the Act only if a substantial amount of the rentable area is devoted to the actual physical production on the premises of goods for interstate commerce. What proportion of the total rentable area would be considered a substantial amount is not stated in express terms. The dissenting Justices did refer to the Administrator's standard, saying, however, that whether 20 per cent occupancy was a reasonable minimum was not in issue, since the 32.5 per cent occupancy for production was clearly so substantial as to remove any doubt. There seems to us, therefore, no reason to withdraw our approval of the Administrator's conclusion; but as we shall see, here, too, considerably more than 20 per cent of the building is occupied for activities necessary to the production of goods for commerce.

■■ Of the total rentable area of 57,506 square feet, 2,000 square feet are used by a publicity and advertising concern which mimeographs and sets type for advertising matter, of which a substantial part is shipped by both this tenant and its customers in interstate commerce. All operations are performed on the premises; and for this purpose this tenant uses five multigraphs, one mimeograph, and one typesetter. Further, 6,195 square feet are occupied by a book publisher and jobber. The publishing end of this business involves the reading, editing, and preparing of manuscripts for the printer. While the printing is done elsewhere, all other activities take place on the premises. "House" editors work on original anthologies or similar publications, and when galley proof sheets

are received from the printers the staff corrects and returns them ready for the final press run. The publisher distributes the finished books from the premises to customers, of whom 25 per cent are outside the state.

▉ In addition to these concerns which clearly manufacture goods on the premises, a number of manufacturers occupy 14,444 square feet of the available space as showrooms and storerooms. These manufacturers for the most part give their work out to contractors, frequently located outside the state, and receive some of the finished products at the premises, where they repack them or at least put new addresses on old packages, in order to ship them to customers, of whom a substantial number are located outside the state. This work done on the premises clearly constitutes production within the meaning of the Act. For under § 3(j), 29 U.S.C.A. § 203(j), "handling" of goods is sufficient to require the employee's classification as one "engaged in the production of goods." True, in Western Union Telegraph Co. v. Lenroot, 323 U.S. 490, 503, 65 S.Ct. 335, 342, this broad statutory language of § 3(j) was interpreted not to include the handling of goods for the mere purpose of furthering their interstate transit. But the Court went on to say,'"One who packages a product, or bottles a liquid, or labels, or performs any number of tasks incidental to preparing for shipment" is definitely within the scope of the section. Hence it seems that if an employee handles goods merely for a distributor or transporter, he is not engaged in production; but if he does so for a manufacturer, he is engaged in production. At least those who further the manufacturing process by direct work upon the goods, even to the point of preparation for shipment, are so engaged. The concerns here included in our computations are all manufacturers, and their employees on these premises were engaged in production. And we have deliberately excluded tenants who are distributors and engaged in the same operations in the building. Thus a total of 22,639 square feet of the 57,506 square feet rentable area, or roughly 39½ per cent, is occupied by tenants engaged in producing goods on the premises. The plaintiffs therefore are within the protection of the Act.

Defendant concedes that if covered, plaintiffs are entitled to a recovery under the Act; and it is indicated that the amounts involved will be settled by a stipulation of the parties. Proceedings settling the judgment will, however, be necessary in the District Court, and the action is remanded for that purpose. The plaintiffs' attorneys are allowed $300 for the services performed upon this appeal.

Reversed and remanded.