432

TIPTON et al. v. BEARL SPROTT CO.,
Inc., et al.

No. 11868.

United States Court of Appeals
Ninth Circuit.

June 6, 1949.

Gallagher, Margolis, McTernan & Tyre, Los Angeles, Cal., for appellants.

John Moore Robinson and Robert M. Himrod, Los Angeles, Cal., for appellees.

William S. Tyson, Solicitor, Bessie Margolin, Asst. Solicitor, Frederick U. Reel and Joseph D. Mladinov, Attys. U. S. Dept. of Labor, Washington, D. C., Kenneth C. Robertson, Regional Attorney, San Francisco, Cal., for Administrator of Wage and Hour Div., U. S. Dept. of Labor, amici curiæ.

Before MATHEWS and STEPHENS, Circuit Judges, and DRIVER, District Judge.

MATHEWS, Circuit Judge.

This was an action by appellants (Thelma Tipton, Mary Foster, Eva C. Whitney, Mary F. DeBenedetti, Clara Owens Turner, Trinidad Mora, Dorothy Mora, Dora Grajeda, Conchita Grajeda, Mary S. Tibbetts and Gussie Bourne) against appellees (Bearl Sprott Company, Inc., Bearl Sprott, Doe I, Doe II and Doe III). Appellants commenced the action by filing a complaint on January 24, 1947. They filed an amended complaint on January 31, 1947, a second amended complaint on August 28, 1947, and a third amended complaint on December 11, 1947. On December 30, 1947, Bearl Sprott Company, Inc.,[1] moved to dismiss the action on the ground that the second amended complaint failed to state a claim against Bearl Sprott Company, Inc., upon which relief could be granted.[2] This was treated by the District Court as a motion to dismiss the third amended complaint[3] on the ground that it failed to state a claim against Bearl Sprott Company, Inc., upon which relief could be granted. So treated, the motion was granted, and on January 23, 1948, an order was entered dismissing the third amended complaint without leave to amend. From that order this appeal is prosecuted.

The third amended complaint was based on §§ 7(a) and 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 207 (a), 216(b).

Section 7(a) of the Act, 29 U.S.C.A. § 207(a), provides: "No employer shall * * * employ any of his employees who is engaged in commerce[4] or in the production of goods[5] for commerce * * * for a workweek longer than forty hours * * * unless such employee receives compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed."

Section 16(b) of the Act, 29 U.S.C.A. § 216(b), provides: "Any employer who violates the provisions of [§ 7 of the Act, 29 U.S.C.A. § 207] shall be liable to the employee or employees affected in the amount of * * * their unpaid overtime compensation * * * and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees * * *. The court in such action shall, in addition to any judgment awarded to

---

[1] The other appellees (Bearl Sprott, Doe I, Doe II and Doe III) made no appearance in the District Court, but have joined Bearl Sprott Company, Inc., in filing briefs in this court.

[2] The motion did not say that the second amended complaint failed to state a claim against the other appellees (Bearl Sprott, Doe I, Doe II and Doe III) upon which relief could be granted.

[3] The motion said nothing about the third amended complaint.

[4] Section 3(b) of the Act, 29 U.S.C.A. § 203(b), defines "commerce" as meaning "trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof."

[5] Section 3(i) of the Act, 29 U.S.C.A. § 203(i), defines "goods" as meaning "goods (including ships and marine equip-

ment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof." Section 3(j) of the Act, 29 U.S.C.A. § 203(j), defines "produced" as meaning "produced, manufactured, mined, handled, or in any other manner worked on in any State" and provides that "an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State."

the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The third amended complaint alleged that at all times mentioned therein appellees operated in Torrance, California, at the Torrance plant of Columbia Steel Company, hereafter called Columbia, an in-plant cafeteria for in-plant feeding of Columbia's employees and business visitors; that said plant was "engaged in the manufacture, sale and distribution of steel products;" and that "the greater portion of the products produced at said plant" were "shipped and delivered in interstate commerce to purchasers in other States." Thus, in effect, the third amended complaint alleged that at all times mentioned therein appellees operated an in-plant cafeteria for in-plant feeding of employees and business visitors at a plant which, at all of said times, produced goods for commerce.[6]

The third amended complaint further alleged that at all times mentioned therein said cafeteria was operated by appellees pursuant to rules established by Columbia for the benefit of Columbia's employees at said plant; that Columbia owned the building housing said cafeteria, owned the greater part of the furniture, utensils, kitchen equipment and tableware used therein, regulated the hours of operation, the prices charged and the menus offered in said cafeteria to accommodate the needs and working schedules of Columbia's employees at said plant and received from appellees 5% of the gross receipts from the operation of said cafeteria; and that said cafeteria was patronized by substantially all employees of Columbia at said plant and was open only to said employees and business visitors of Columbia.

The third amended complaint further alleged that at all times mentioned therein appellants were employed by appellees in said cafeteria, and that "the processes and services performed by [appellants], and each of them, in such employment were * * * necessary to the production, handling and distribution of steel products for interstate commerce by and from said plant." Thus, in effect, the third amended complaint alleged that at all times mentioned therein appellants were employed in a process or occupation necessary to the production of goods for commerce and hence were engaged in the production of goods[7] for commerce.

The third amended complaint further alleged that on and after October 24, 1940, continuously until "the present time" (January 24, 1947),[8] appellees employed appellants "in the production of goods for interstate commerce, as aforesaid, for workweeks longer than 40 hours," and that appellees "failed and refused to pay to [appellants] any compensation for hours worked in excess of 40 during each of said workweeks." Thus, in effect, the third amended complaint alleged that appellees employed appellants for workweeks longer than 40 hours during all of the period from October 24, 1940, to January 24, 1947, failed and refused to compensate appellants for their employment in excess of 40 hours and thereby violated § 7(a) of the Act, 29 U.S. C.A. § 207(a).

The third amended complaint further alleged that appellants were not informed as to "the exact rate at which they were employed at all of the times mentioned," and as to "the amount of overtime rendered by each of them" or as to "the wages still due and owing them for overtime hours worked for which no payment was made."

The prayer of the third amended complaint was for an accounting to determine the amount of unpaid overtime compensation owing to appellants by appellees; for a judgment in appellants' favor for the amount so determined and an additional

---

[6] As used in this opinion, the term "commerce" has the meaning indicated in § 3(b) of the Act, 29 U.S.C.A. § 203 (b); the term "goods" has the meaning indicated in § 3(i) of the Act, 29 U.S.C.A. § 203(i); and the term "produced" has the meaning indicated in § 3(j) of the Act, 29 U.S.C.A. § 203(j). See footnotes 4 and 5.

[7] As used in this opinion, the term "engaged in the production of goods" has the meaning indicated in § 3(j) of the Act, 29 U.S.C.A. § 203(j). See footnote 5.

[8] See Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

equal amount as liquidated damages; for reasonable attorneys' fees; for costs of the action; and for such other and further relief as might seem just and proper.

The District Court held that the third amended complaint failed to state a claim against Bearl Sprott Company, Inc., upon which relief could be granted.[9] In the order here appealed from, the District Court stated its reasons for so holding. The stated reasons were that "Bearl Sprott Company, Inc., was not and had not been at any time engaged in the production of goods for interstate commerce and, therefore, was not affected by any of the requirements of the provisions of the Fair Labor Standards Act of 1938, § 7(a), 29 U.S.C.A. § 207(a)," and that appellants "were not engaged in any process or occupation necessary to the production of goods for interstate commerce within the meaning of the Fair Labor Standards Act of 1938, § 3(j), 29 U.S.C.A. § 203(j)."

■ In order to state a claim against appellees upon which relief could be granted, it was not necessary to allege that appellees, or any of them, were engaged in the production of goods for commerce; for the applicability of § 7(a) of the Act, 29 U.S.C.A. § 207(a), is determined, not by the nature of the employer's business, but by the character of the employee's activities.[10] It is therefore unimportant, if true, that the third amended complaint failed to allege that Bearl Sprott Company, Inc.,

was engaged in the production of goods for commerce.

■ In determining whether the third amended complaint stated a claim upon which relief could be granted, the District Court was required to accept as true all well-pleaded allegations of the third amended complaint,[11] including the allegation that at all times mentioned therein appellants were employed in a process or occupation necessary to the production of goods for commerce. The District Court, in effect, refused to accept this allegation as true. The refusal was error.[12]

■ If and when this case goes to trial, appellants will, of course, have the burden of proving that the process or occupation in which they were employed was, in fact, necessary to the production of goods for commerce. They may sustain this burden.[13] They may fail to sustain it,[14] but we cannot assume that they will fail.

We conclude that the reasons stated in the order were not valid reasons for holding that the third amended complaint failed to state a claim upon which relief could be granted.

■■ Appellees contend that the third amended complaint could have been dismissed on the ground that appellants were engaged in a retail or service establishment the greater part of whose selling or servicing was in intrastate commerce.[15] There is no merit in the contention. It

---

[9] As to whether the third amended complaint stated a claim against the other appellees (Bearl Sprott, Doe I, Doe II and Doe III) upon which relief could be granted, the District Court expressed no opinion.

[10] Overstreet v. North Shore Corp., 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 656; McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538. See, also, Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460.

[11] Overstreet v. North Shore Corp., supra; Fleming v. Hawkeye Pearl Button Co., 8 Cir., 113 F.2d 52. See, also, De Loach v. Crowley's Inc., 5 Cir., 128 F.2d 378; Burton v. Zimmerman, 4 Cir., 131 F.2d 377; Musteen v. Johnson, 8 Cir., 133 F.2d 106; Stratton v. Farmers Pro-

duce Co., 8 Cir., 134 F.2d 825; Davila v. Porto Rico Railway Light & Power Co., 1 Cir., 143 F.2d 236; Castaing v. Puerto Rican American Sugar Refining Co., 1 Cir., 145 F.2d 403.

[12] See cases cited in footnote 11.

[13] As in Consolidated Timber Co. v. Womack, 9 Cir., 132 F.2d 101; Hanson v. Lagerstrom, 8 Cir., 133 F.2d 120; Basic v. General Motors Corp., 311 Mich. 705, 19 N.W.2d 142, 159 A.L.R. 966.

[14] As in McLeod v. Threlkeld, supra.

[15] Section 13(a) of the Fair Labor Standards Act, 29 U.S.C.A. § 213(a), provides: "The provisions of [§§ 6 and 7 of the Act, 29 U.S.C.A. §§ 206, 207] shall not apply with respect to * * * (2) any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce; * * *."

did not appear from the third amended complaint that appellants were engaged in a retail or service establishment the greater part of whose selling or servicing was in intrastate commerce. The fact that appellants were so engaged, if such was the fact, was defensive matter to be pleaded and proved by appellees.[16] It was not a valid ground for dismissing the third amended complaint.

There was, however, a valid ground for dismissing the third amended complaint— a ground not suggested to or considered by the District Court. This will now be discussed.

Section 2 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 252, provides:

"(a) No employer shall be subject to any liability * * * under the Fair Labor Standards Act of 1938 * * * (in any action or proceeding commenced prior to or on or after May 14, 1947), on account of the failure of such employer * * * to pay an employee overtime compensation, for or on account of any activity of an employee engaged in prior to May 14, 1947, except an activity which was compensable by either—

"(1) an express provision of a written or nonwritten contract in effect, at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer; or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer.

"(b) For the purposes of subsection (a) of this section, an activity shall be considered as compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable. * * *

"(d) No court of the United States * * * shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after May 14, 1947, to enforce liability * * * for or on account of the failure of the employer to pay * * * overtime compensation under the Fair Labor Standards Act of 1938 * * * to the extent that such action or proceeding seeks to enforce any liability * * * with respect to an activity which was not compensable under subsections (a) and (b) of this section."

As indicated above, this action was instituted by appellants against appellees (the alleged employers of appellants) to enforce the alleged liability of appellees under the Fair Labor Standards Act of 1938 for and on account of their alleged failure to pay appellants overtime compensation for and on account of alleged activities of appellants engaged in prior to May 14, 1947. The third amended complaint did not allege that such activities were compensable by an express provision of a written or nonwritten contract in effect at the time of such activities, between appellants, their agent or collective-bargaining representative and appellees, or by a custom or practice in effect at the time of such activities, at the establishment or place where appellants were employed, covering such activities, not inconsistent with a written or nonwritten contract, in effect at the time of such activities, between appellants, their agent or collective-bargaining representative and appellees, or that such activities were engaged in during the portion of the day with respect to which they were so made compensable.

■ Thus the third amended complaint failed to state a claim of which the District Court had jurisdiction.[17] It should have been dismissed on that ground.[18] That

16 Reynolds v. Salt River Valley Water Users Ass'n, 9 Cir., 143 F.2d 863; Walling v. Reid, 8 Cir., 139 F.2d 323; Armstrong Co. v. Walling, 1 Cir., 161 F.2d 515.

17 See § 2(d) of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 252(d).

18 Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58; Battaglia v. General Motors Corp., 2 Cir., 169 F.2d 254; Fisch v. General Motors Corp., 6 Cir., 169 F.2d 266; Role v. J. Neils Lumber Co., D.C. Mont., 74 F.Supp. 812, affirmed in Role v. J. Neils Lumber Co., 9 Cir., 171 F.2d 706.

the District Court's jurisdiction was not challenged is immaterial.[19]

We are advised that, if granted leave to file a fourth amended complaint, appellants can and will allege all necessary jurisdictional facts. Such leave should be granted.

The order here appealed from is vacated, and the case is remanded to the District Court with directions to dismiss the third amended complaint with leave to file a fourth amended complaint within 30 days from the date of such entry.

[19] Southern Pacific Co. v. McAdoo, 9 Cir., 82 F.2d 121; Electro Therapy Products Corp. v. Strong, 9 Cir., 84 F.2d 766; Gavica v. Donaugh, 9 Cir., 93 F.2d 173; Royalty Service Corp. v. City of Los Angeles, 9 Cir., 98 F.2d 551; Minnis v. Southern Pacific Co., 9 Cir., 98 F.2d 913; Alexander v. Westgate-Greenland Oil Co., 9 Cir., 111 F.2d 769; Cheyne v. Atchison, T. & S. F. Ry. Co., 9 Cir., 125 F.2d 49.