**MITCHELL, Secretary of Labor**

**v.**

**FAMOUS REALTY, Inc.**

**No. 138, Docket 22848.**

United States Court of Appeals, Second Circuit.

Argued Feb. 11, 1954.

Decided March 19, 1954.

Jeter S. Ray, Acting Solicitor, Washington, D. C., John A. Hughes, Regional Atty., Henry J. Easton, Atty., U. S. Department of Labor, New York City, Stuart Rothman, Solicitor, Bessie Margolin, Chief of Appellate Litigation, David F. Babson, Jr., Atty., U. S. Department of Labor, Washington, D. C., for plaintiff.

Joseph S. Wohl, Brooklyn, N. Y., (Walter Lubarsky, Brooklyn, N. Y., of counsel), for defendant-appellee.

Before CHASE, Chief Judge, and L. HAND and MEDINA, Circuit Judges.

CHASE, Chief Judge.

The Administrator of the Wage and Hour Division of the Department of La-

bor brought this suit under § 17 of the Fair Labor Standards Act,[1] to enjoin the defendant from violating § 15(a) (2) and (3) by failing to pay certain of its employees for overtime and by failing to maintain required records as to wages, hours, and conditions of their employment. The sole question here raised is whether employees who were watchmen hired by the defendant are employees within the meaning of the statute. The complaint as to those watchmen was dismissed on the ground that they were not "employed * * * in a process or occupation necessary to the production" of goods for commerce and the Administrator has appealed.

The appellee, Famous Realty, Inc., is a New York corporation which owns a tract of land in Brooklyn on which there are some 20 buildings and various railroad and shipping facilities. The buildings and facilities are leased to tenants, so many of whom are engaged in the production of goods for commerce that the buildings are to be treated as used for that purpose. These watchmen are hired and paid by the appellee to look for fires which endanger the buildings and turn in alarms when any such fires are discovered. They do not guard the premises for any other purposes and do not perform any other services in connection with the buildings or the use of them by the tenants. The advantage the appellee gains from their employment is a reduction in the amount it pays for fire insurance on the buildings.

■ Despite the limited services of these watchmen we cannot agree with the learned judge below that these men are not employees within the Act. What they do serves to safeguard the buildings from damage or destruction by fire and thus to keep them in suitable condition for use in the production of goods for commerce. That puts them fairly within the category of custodial and maintenance employees who have been held to be within the statute. A. B. Kirschbaum

Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Walton v. Southern Package Corp., 320 U.S. 540, 64 S.Ct. 320, 88 L.Ed. 298; Borden Co. v. Borella, 325 U.S. 679, 65 S.Ct. 1223, 89 L.Ed. 1865. These cases do not lay down a flat rule that all such employees come within the scope of the Act, and a determination of whether the employees in a particular instance do often requires the making of rather fine distinctions which depend on the particular facts shown. But here the facts so closely parallel those in Walton v. Southern Package Corp., supra, that we feel bound by that decision.

■ Walton was engaged as a night watchman at a plant in Mississippi which produced wood veneer for shipment in interstate commerce. His duties were to make hourly rounds of the plant and report any fires or trespassers. Like the watchmen in the present case, he was apparently hired primarily for the purpose of reducing fire insurance premiums payable by the employer. He was held to be within the scope of the Act because his services were a valuable contribution to the production of goods at the plant and were closely tied to the productive process. Nor can the Walton case be distinguished on the ground that that employer was engaged in the production of goods for commerce, while here, not the employer but the employer's tenants, are so engaged. It is the relationship of the service rendered by the employee in respect to the production of goods for commerce rather than the relationship of the business of the employer to that production which is of critical importance. A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 524, 62 S.Ct. 1116, 86 L.Ed. 1638; Fleming v. Arsenal Building Corp., 2 Cir., 125 F.2d 278; and see Baldwin v. Emigrant Savings Bank, 2 Cir., 150 F.2d 524, 161 A.L.R. 1234, certiorari denied 326 U.S. 767, 66 S.Ct. 171, 90 L.Ed. 462.

Judgment reversed and cause remanded.

1. As amended, 29 U.S.C.A. § 201 et seq.