James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,

v.

CENTRAL PRODUCE COMPANY, a Corporation, Appellee.

No. 12879.

United States Court of Appeals Sixth Circuit.

Dec. 27, 1956.

Harry A. Tuell, Washington, D. C., Stuart Rothman, Solicitor, Bessie Margolin, Asst. Solicitor, William W. Watson, Washington, D. C., Jeter S. Ray, Regional Atty. Nashville, Tenn., on the brief, for appellant.

Eugene D. Jackson, Nashville, Tenn., for appellee.

Before ALBERT LEE STEPHENS of the Ninth Circuit, and MILLER and STEWART, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The appellant, James P. Mitchell, Secretary of Labor, brought this action under Section 217, Title 29, U.S.C.A., to enjoin the appellee, Central Produce Company, from violating the provisions of Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended.

The appellee is a Tennessee corporation with its place of business and warehouse located in Nashville, Tennessee. It is engaged in the purchase, handling, warehousing, sale and distribution of fresh fruits and vegetables at wholesale. Approximately 90% of the fresh fruits and vegetables are received from states other than Tennessee. Approximately 10% of its annual sales are sales and deliveries regularly made to its out-of-State customers, such deliveries sometimes being made in appellee's trucks, while, at other times, the customer picks up the goods in his own truck.

The question presented by this appeal is whether one of appellee's employees, who is employed as a night watchman, comes within the coverage of the Act. It is undisputed that he is not paid the minimum wages provided by Sections 6 and 7 of the Act.

The night watchman performs his assigned duties from 4 o'clock in the afternoon until 5 o'clock the following morn-

ing, seven nights a week. As a rule he is the only employee on duty at appellee's establishment during this nightly shift, and he is employed primarily to be on the lookout for fires in appellee's building. He is instructed to remain inside the building in the performance of his duties, to call the fire department in the event of fire, and to call the police if prowlers are observed. He does not make rounds of the premises or punch clocks. The insurance rate of the company is in no wise affected by the presence or non-presence of the watchman. His duties do not include answering the telephone. Normally, while on duty, he does not go outside of the warehouse. He has custody of the keys to all doors on the premises, including the doors to the refrigerated rooms or coolers and the banana room, which can be reached only by going outside the building. The banana rooms are equipped with both heating and refrigeration machinery, by which the appellee controls the rapidity of the ripening process of the bananas stored therein. From windows in the building he can see the full length of the unloading and loading platforms on the north and south sides of the building.

At times the driver of a truck operated by an interstate common or private carrier will arrive during the night and wish to unload certain goods assigned to the appellee without waiting for the day crew to arrive. Under such circumstances, the night watchman unlocks the appropriate refrigerated room and again locks it after the incoming goods have been placed therein by the carrier's driver.

Appellee's trucks are used to bring in fruit and produce from out-of-State points and for the delivery of fruit and produce to out-of-State customers. Incoming trucks frequently contain goods brought in during the night when only the night watchman is on duty and remain alongside the platform until unloaded by the day crew which comes on duty at the end of the night watchman's shift at 5:00 A. M. Appellee's trucks,

parked alongside the loading platform, frequently contain goods loaded therein prior to the time the night watchman comes on duty and depart during the night on an interstate delivery trip while the night watchman is the only employee on duty. In either event the keys to the trucks are inside appellee's office and the truck driver is admitted to the office of the night watchman, either to turn in the keys upon his arrival or to pick up the keys so as to take the truck to an out-of-State point to make delivery of the goods on the truck. When the night watchman admits the truck driver to the office to pick up or return the keys, the driver also picks up his trip ticket and necessary expense money, if preparing to leave, or, if arriving, turns in the unexpended portion of the travel money advanced to him by the appellee before his departure on the interstate trip.

There being no material disagreement about the facts there is presented the question of law whether the night watchman was engaged "in commerce or in the production of goods for commerce" within the meaning of the Act. Sections 203(j), 206 and 207, Title 29, U.S. C.A. Section 3(j) of the Act, Section 203(j) Title 29, U.S.C.A., as amended in 1949, provides that an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, handling, transporting, "or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State." The parties are in agreement that we must look to the character of the employee's activities, rather than to those of his employer. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460. The District Judge held that the duties of the night watchman were not so closely connected with interstate commerce as to bring him within the coverage of the Act and dismissed the complaint with respect to him. The appeal was taken from that ruling.

Appellee, in support of the ruling, relies chiefly upon Higgins v. Carr Bros. Co., Inc., 317 U.S. 572, 63 S.Ct. 337, 87 L.Ed. 468; Walling v. Sanders, 6 Cir., 136 F.2d 78; Domenech v. Pan American Standard Brands, 1 Cir., 147 F.2d 994; Jewel Tea Co. v. Williams, 10 Cir., 118 F.2d 202; Crabb v. Welden Bros., 8 Cir., 164 F.2d 797; James V. Reuter v. Walling, 5 Cir., 137 F.2d 315, judgment vacated on other grounds 321 U.S. 671, 64 S.Ct. 826, 88 L.Ed. 1001.

Appellant, in seeking a reversal of the ruling, relies chiefly upon Mitchell v. Joyce Agency, Inc., 348 U.S. 945, 75 S. Ct. 436, 99 L.Ed. 740, affirming Durkin v. Joyce Agency Inc., D.C., 110 F.Supp. 918; Fletcher v. Grinnell Bros., 6 Cir., 150 F.2d 337, 339; Montgomery Ward & Co. v. Antis, 6 Cir., 158 F.2d 948, certiorari denied 331 U.S. 811, 67 S.Ct. 1202, 91 L.Ed. 1831; Mitchell v. Famous Realty, 2 Cir., 211 F.2d 198, certiorari denied 348 U.S. 823, 75 S.Ct. 38, 99 L.Ed. 649; Russell Co. v. McComb, 5 Cir., 187 F.2d 524; and Walling v. Sondock, 5 Cir., 132 F.2d 77, certiorari denied 318 U.S. 772, 63 S.Ct. 769, 87 L.Ed. 1142. See also: Walton v. Southern Package Corp., 320 U.S. 540, 64 S.Ct. 320, 88 L. Ed. 298; Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 89 L.Ed. 118.

A reading of the opinions in the foregoing cases fully develops the issue, making additional discussion unnecessary in this opinion. Each case is necessarily controlled by its particular facts. Most of the cases relied upon by appellee do not involve night watchmen, but involve employees who deal with the goods *after* they have come to rest in the warehouse. Giving careful consideration to the cited cases, we are of the opinion that the factual situation of the present case brings it more in line with the authorities relied upon by the appellant than with those relied upon by the appellee, and that accordingly appellee's night watchman is included within the coverage of the Act.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.