## SALVO v. KEATING.
### Civil Action No. 1806.

District Court, M. D. Pennsylvania.
Aug. 2, 1945.

Joseph Serling and Ralph J. Johnston, both of Wilkes Barre, Pa., for plaintiff.

Daniel H. Jenkins, of Scranton, Pa., and Patrick J. Flannery, of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

The plaintiff, Patsy Salvo, filed a complaint against Luke Keating, Jr., doing business as Keating Detective Agency, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., to recover unpaid overtime compensation and an additional amount as liquidated damages. The case is before the Court on a motion to dismiss the complaint for the reason that "the Court lacks jurisdiction over the subject matter of the suit and the person of the Defendant, for the reason that the Defendant is not engaged in interstate commerce."

In the complaint it is alleged that the defendant, Keating, does business as the Keating Detective Agency, and in carrying on his business, he contracts to supply detectives, patrolmen, and guards to watch and look after the property of corporations, some of them engaged in the production of coal in interstate commerce; that Keating receives requests for guards such as are mentioned above and hires men himself to be sent on the job.

More specifically, the complaint alleges that, from April 17, 1941, to January 14, 1942, plaintiff was employed by the defendant as a "patrolman or detective, to guard, patrol, watch and look after the property of the No. 9. Colliery, Harry E. Colliery, and Mineral Springs Colliery, and interests of the Pagnotti Coal Company, concerns engaged in the production and manufacture of coal for interstate commerce," and that, as such an employee, he was not paid wages in accordance with the Fair Labor Standards Act of 1938, supra.

On March 11, 1943, in this Court, in case No. 1081 Civil, Walling v. Keating, the defendant, in the case at bar, consented to entry of a judgment, wherein he was enjoined, inter alia, from employing any of his employees engaged in commerce as defined by the Act for a workweek longer than forty hours, unless the employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed. In short, the defendant by his own act came within the provisions of the Act on the terms set out above.

In Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638, the Supreme Court held that a watchman, not employed by the party engaged in interstate commerce, but by a third person, as in the case at bar, fell within the Act. In that case, as in Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, the employees were held to be covered by the Fair Labor Standards Act by virtue of Section 3(j), 29 U.S.C.A. § 203(j), which adds another class to those which fall within the Act under Sec. 7—those who are engaged in commerce and those who are engaged in producing goods for commerce. Sec. 3(j) adds that "an employee shall be deemed to have been engaged in the production of goods if such employee was employed * * * in any process or occupation necessary to the production" of goods for commerce. This classification has been construed in both

cases mentioned above not to limit the word "necessary" in the highly restrictive sense of "indispensable," "essential," and "vital." In the Kirschbaum case, the Supreme Court held that the watchman, as well as engineers, firemen, carpenters and others, were covered, because they contributed to the "maintenance of a safe, habitable building" which was, in turn, necessary for the production of goods.

It appears, therefore, that the defendant falls within the Act, and that the motion of the defendant to dismiss the complaint must be denied.

The motion of the defendant, Luke Keating, Jr., doing business as "Keating Detective Agency," to dismiss the complaint is denied.