Edward G. Baker, J.
The defendants move to dismiss the complaint under subdivision 4 of rule 106 of the Buies of Civil Practice, on the ground that it fails to state a cause of action.
*902 The complaint, in substance, alleges, after the usual formal allegations for a taxpayer’s action, that Stanwyx Street, in the borough of Brooklyn, has been a public street for the past 90 years and has been used for pedestrian and vehicular traffic by the general public; that by reason of such use the City of New York acquired an easement to and a right of way over said street; that the defendant Liebman Breweries, Inc., was the owner of all land abutting both sides of that portion of Stanwyx Street situated between Forrest Street and Montieth Street; that Liebman Breweries desired ownership of said portion of Stanwyx Street for its exclusive use for parking of vehicles used in its business and desired that the said portion of Stanwyx Street be closed to the public; that in furtherance thereof negotiations were entered into between Liebman Breweries and the City of New York and an agreement resulted which was approved by the corporation counsel and accepted by the Board of Estimate with an authorization to the Mayor and the city clerk to execute a deed releasing the city’s interest to said portion of the street to Liebman Breweries after approval by the corporation counsel and after said portion of the street had been closed; that thereafter the Board of Estimate adopted a resolution that said portion of Stanwyx Street be discontinued, that title to the land be vested in the City of New York simultaneously with the discontinuance, that the corporation counsel institute condemnation proceedings and that the entire cost incurred by the city be recouped in accordance with the terms of the agreement with Liebman Breweries: that the street is now closed and barred to the public. It is further alleged that the street had not been closed for any public necessity but was closed for the sole purpose of enabling Liebman Breweries to own and control the street for the parking of vehicles used in its business; that the agreement between the defendants, the resolutions and proceedings authorizing the closing of the street are unlawful and constitute waste of the property of the City of New York and have caused and will cause irreparable damage.
The court, taking judicial notice of matters of public record (Brown v. City of New York, 213 App. Div. 206, affd. 241 N. Y. 96), and treating such facts as if embodied in the complaint (City of Buffalo v. New York Central R. R. Co., 125 Misc. 801, affd. 218 App. Div. 810, affd. 271 N. Y. 658), finds that the procedure for closing the street was conducted in accordance with the provisions of section E15-1.0 et seq. of the Administrative Code of the City of New York; that preliminary to the closing, the city’s Planning Commission held a hearing on the proposed *903 change of the city map and concluded that the change should be approved as “an element in the formal process of closing and discontinuing an unnecessary portion of a street in order that the closed street area may be released to the owner of the abutting property that no opposition to the proposed closing developed. The court further finds that thereafter, on June 15, 1956, the Board of Estimate of the City of New York adopted a resolution that when the portion of Stanwyx Street has been discontinued and closed, ‘ ‘ it will not be needed for a public purpose that on June 28, 1956 the Board of Estimate resolved that it ‘ ‘ determines in the public interest that Stanwyx Street * * * shall be discontinued and closed.”
This suit, being a taxpayer’s action, the complaint may be sustained only upon allegations of ultimate facts which, if true, would be sufficient to establish that the municipality lacked power to do the act complained of, or that the act was corrupt or fraudulent involving waste or public mischief. (Kittinger v. Buffalo Traction Co., 160 N. Y. 377; Kraushaar v. Zion, 135 N. Y. S. 2d 491.) No charge of corruption or fraud is made, but it is asserted that the city lacked power to close the street for the purpose of turning it over to a private firm for its exclusive use for parking. The provision of the Administrative Code of the City of New York, relied upon to sustain this position, is section E15-3.0 which provides in part, that “ The city may authorize the closing or discontinuance of such streets therein, in whole or in part, as it may be deemed necessary in order to more effectually secure and preserve the regularity and uniformity of the streets therein, or where other public necessity requires the closing or discontinuance of such streets.” (Emphasis supplied.)
The resolutions to discontinue and close the street were legislative in character. (Kaskel v. Impellitteri, 306 N. Y. 73, 80; Matter of Asness v. City of New York, 5 Misc 2d 779.) They expressed the purposes for which the street was to be closed and discontinued, namely, to close an unnecessary street so that the area could be released to the owner of the abutting property for industrial expansion. Prior to their adoption, the Planning Commission had reported to the Mayor ‘ ‘ The map provides for the elimination of one short block of Stanwyx Street * * * to permit the integration of the eliminated area with abutting property for industrial expansion.” “ Courts accept as fact that which is expressed in the act to be the legislative purpose unless from the face of the act or from facts which may be judicially noticed it is made to appear that the taking is not for the expressed purpose.” *904 (Matter of Hicks Development Corp. v. Incorporated Vil. of Lawrence, 282 App. Div. 1048, 1049, affd. 306 N. Y. 922.) The purposes expressed in the resolutions and in the reports on which they were based are, obviously, public purposes; and the fact that there may be incidental private benefit is not .sufficient to invalidate a project which has for its primary object a public purpose (Matter of Murray v. La Guardia, 291 N.Y. 320).
The determination as to whether or not the street was unnecessary and whether the eliminated street area should be integrated with abutting private property for industrial expansion were matters which the Legislature delegated to the municipal authority and the courts must assume that its officials acted in good faith. Their action, whether wise or unwise, may not be interfered with in the absence of a showing that the same was corrupt, irrational or baseless (McCabe v. City of New York, 213 N. Y. 468, 481; Kaskel v. Impellitteri, supra).
As above stated, the fact that private interests ultimately may become the owners of the area closed “ does not convert ,the main purpose of the legislation from a public to a private one.” (Matter of Mayor of City of New York, 28 App. Div. 143,153, affd. 157 N. Y. 409.) In Meyer v. Village of Teutopolis (131 Ill. 552), quoted in Matter of Mayor (supra) at page 153, the court said: “ ‘Nor can it be said that the validity of the proceedings by which a street is vacated is at all affected by the fact that the land embraced within the street thereby becomes public property * * * Nor does it seem material that the vacation is made with the view or intention of vesting the adjoining proprietors with the ownership of the land embraced within the street. That merely goes to the motive by which the act of vacation is performed; and in that, as in all legislative acts, the motives by which the legislative body is actuated are immaterial and cannot be inquired into.’ ” (To the same effect, see Bleecker Luncheonette v. Wagner, 141 N. Y. S. 2d 293, affd. 286 App. Div. 828.)
Since there is no sufficient allegation that the city lacked the power to close the street, or that there was insufficient basis for the exercise of the power, and since it is not alleged that there was any fraud or corruption involved, the complaint fails to state a cause of action, and, accordingly, is dismissed, with leave to plaintiff to serve an amended complaint within 20 days. Submit order.