■ STAHL SOAP CORPORATION, Appellant, v. CITY OF NEW YORK et al., Respondents.— Action by a taxpayer (1) to declare that the closing and discontinuance of a certain portion of Stanwix Street, Brooklyn, and the making of certain agreements between respondents City of New York and Liebmann Breweries, Inc., for a release of the land in question to the latter were illegal, null and void, (2) for a direction that the area in question be restored to its previous condition, and (3) for other incidental relief. The appeals are from two orders granting respondents' motions to dismiss the complaint. Orders reversed, with one bill of $10 costs and disbursements and motions denied, with leave to respondents to answer the complaint within 10 days after entry

of the order hereon. There was no authority in the city to close the area in question unless, as stated in section E15–3.0 of the Administrative Code of the City of New York, the closing is deemed by it to be "necessary in order to more effectually secure and preserve the regularity and uniformity of the streets" in the city "or where other public necessity requires" the closing. Stanwix Street runs in its entirety a distance of five blocks, between two main thoroughfares, Flushing and Bushwick Avenues. The portion which was closed runs the length of but one of the interior blocks in this stretch of five blocks. In our opinion the allegations of the complaint sufficiently show that the facts were not such as to invest the city with authority to close the area, and, indeed, neither the resolutions of the respondent Board of Estimate of the City of New York nor the reports of that board's engineer nor of the City Planning Commission, of which the Special Term took judicial notice, constitute facts which establish that there was authority for the closing. Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., concurs in result. [7 Misc 2d 901.] [See 5 A D 2d 692.]