Benjamin Brenner, J.
Plaintiff was employed by the defendant as a watchman on four separate sewer construction jobs *262 within New York City. He often worked in excess of 40 hours weekly and received his regular hourly rate of pay for all hours worked, including those in excess of 40. This action is brought pursuant to section 16 of the Fair Labor Standards Act of 1938 as amended (52 U. S. Stat. 1060, 63 U. S. Stat. 910, U. S. Code, tit. 29, § 201 et seq.), for compensation as required by section 7 of the act, at the rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 per week.
The cause is being decided, without a jury, upon stipulated facts which, as they are pertinent here, are as follows:
(1) Two sewers were constructed by the defendant in areas where no buildings of any kind had previously existed and they were subsequently connected to the existing New York City sewer system; (2) 5% of the structures serviced by a third sewer constructed by defendant are factories; (3) 10% of the structures serviced by a fourth sewer constructed by the defendant are factories. The latter sewer was connected to the United States Navy Yard and also received water which drained off the Brooklyn-Queens Expressway; (4) some of the materials used on all of the jobs were manufactured outside of, and shipped into, New York State; (5) the plaintiff’s main duties were to guard the materials and property belonging to defendant, to take care of the barricades and flares which surrounded the area of construction, to watch materials which were delivered when work was not actually in progress until same could be unloaded and to clean the on-the-job office.
The defendant contends that the plaintiff’s employment was not within the scope of section 7 of said act which applies to employees ‘ ‘ engaged in commerce or in the production of goods for commerce ’ ’. These are two distinguishable categories of coverage and the plaintiff contends that they both apply to him. Subdivision (b) of section 3 of the act defines commerce as 1 ‘ Trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.” Subdivision (j) of section 3 defines production of goods as “ produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this Act an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State.”
It is to be observed that the coverage provisions of the Fair Labor Standards Act do not represent an exercise by Congress *263 of its full powers under the Commerce Clause of the United States Constitution (art. I, § 8, par. 3; Kirschbaum Co. v. Walling, 316 U. S. 517; Overstreet v. North Shore Corp., 318 U. S. 125; McCleod v. Threlkeld, 319 U. S. 491), and, therefore, a determination of coverage for a particular employee involves a problem of statutory delineation and not one of constitutional power (Warren-Bradshaw Co. v. Hall, 317 U. S. 88; 10 E. 40th St. Co. v. Callus, 325 U. S. 578).
In considering whether this plaintiff was “ engaged in commerce ” the test to be applied is more exacting than is the test to determine “ production of goods for commerce,” for it has been held that ‘ ‘ affecting commerce ’ ’ is not ‘ ‘ engaged in commerce ” for purposes of this statute (Walling v. Jacksonville Paper Co., 317 U. S. 564; Higgins v. Carr Bros. Co., 317 U. S. 572). The test, as set out in Mitchell v. Vollmer & Co. (349 U. S. 427, 429) “ is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity.”
Applying this test to the instant fact situation, it is clear that this plaintiff was not “ engaged in commerce.” The only activity upon which plaintiff might rely as meeting such test is that of guarding the materials which were brought in from out of the State but which came to rest here. It has been held however that such activity does not, by itself, constitute the employee as one “ engaged in commerce”. (Billeadeau v. Temple Associates, 213 F. 2d 707, cert. denied 348 U. S. 959.)
The closer question is whether this plaintiff was engaged in the “production of goods for commerce” since, as indicated, this clause is defined by the statute as including not only the persons who are actually engaged in production but those who are in any occupation which is “ closely related ” and “ directly essential ’ ’ to the production of such goods. However, the United States Supreme Court, in its most recent pronouncement on the extent of such coverage, appears to have excluded this plaintiff therefrom (Mitchell v. H. B. Zachry Co., 362 U. S. 310, decided April 4, 1960). The employees in that case were building a dam to increase a water supply district’s then existing reservoir capacity. It was conceded that between 40% and 50% of all the water consumption from the system was accounted for by industrial users, most of whom produced goods for commerce and that water was essential to their operations. It was also conceded that an unspecified amount of the water supplied by the district was consumed by facilities and instrumentalities of commerce. The court found that such employment was not within the *264 coverage of the statute, stating at page 319: 1 (Assuming arguendo that maintenance and repair of the completed dam would be covered employment, it does not follow that construction of the dam therefore is. The activities are undoubtedly equally ‘ directly essential ’ to the producers of goods who depend upon the water supply; but they are not equally remote from, production or from the 1 commerce ’ for which production is intended. The distinction between maintenance and repair on the one hand, and replacement or new construction on the other, may often be difficult to delineate but is a practical distinction to which law must not be indifferent. Its relevance here, where our purpose must be to isolate primarily local activities from the flow of commerce to which they invariably relate, lies in the close relation of maintenance and repair to operation, as opposed to replacement or new construction which is a separate undertaking necessarily prior to operation and therefore more remote from the end result of the process. As we held in Vollmer, that an activity is rightly called construction and is therefore distinct from operation, does not per se remove it from coverage. Construction may be sufficiently ‘ closely related ’ to production to place it in that proximity to ‘ commerce ’ which the Act demands as a predicate to coverage. Here, however, neither a facility of ‘ commerce, ’ nor a facility of 1 production ’ is under construction. Operation of the completed dam will merely support production facilities; and construction of the dam is yet another step more remote.” There is little doubt that by this test the activities of the plaintiff here were even more remote than those of the employees in the Zachry case. There the employees were doing the actual construction; here the plaintiff’s activities were only a necessary adjunct to the actual construction. Additionally, two of the jobs here were in areas where there were no factories at all and the other two in areas where there was a minimal amount of production for commerce as contrasted to the rather extensive industrial activity shown in the Zachry case.
While my own views are in accord with the view expressed by the minority in Zachry, that the majority had taken “ a backward step from the measures Congress designed to protect the lowest paid and weakest group of wage earners in the nation” (p. 326), I am constrained to follow the majority holding which requires me to find that upon the facts here the plaintiff’s activities were not within the scope of the act.
The action is, therefore, dismissed on the law. Enter judgment for defendant accordingly.