Harry Gittleson, J.
The plaintiff has served a second amended complaint in support of his claim for compensation pursuant to the Fair Labor Standards Act of 1938 as amended (U. S, Code, tit. 29, § 201 et seq., as amd.) at the rate of one and a-half times his regular rate for all hours worked by him in excess of 40 hours in the capacity of a watchman while employed by defendant for a period commencing April 24, 1960, to November 12, 1962.
The complaint is challenged upon the ground that the same “ does not state facts sufficient to constitute a cause of action.”
The (complaint alleges in substance:
a. “He worked overtime while engaged by the defendant corporation which conducted a business of providing watchmen *636 and guards to diverse firms particularly Slattery Construction Company and Terry Fullhaber Construction Company which were then engaged in the construction of part of an interstate highway system — in cooperation with the federal and state government of New York, New Jersey, and Connecticut, which were part of and connected to and with the Verrazano-Narrows Bridge which spanned a navigable waterway, ’ ’
b. “ Said interstate highway system was paid in part by the federal government (90% of cost) and state government (10% of cost).
c. “ The XT. S. Dept, of Labor at a hearing determined as a fact that the defendants were at the time in issue engaged in interstate business.”
d. ‘ ‘ The plaintiff worked overtime while employed by defendant for period from 4/24/60 to 11/12/62; during that period he was assigned to work ‘ Slattery and Terry ’ projects in the construction of the aforesaid public highways.”
A determination of the motion requires consideration of several applicable cardinal rules:
1. The court may only consider matters which appear on the face of the complaint except insofar as it may take judicial notice of them by common law or statute (St. Regis Tribe of Mohawk Indians v. State of New York, 5 N Y 2d 24, 36) inclusive of a rule or regulation of an executive department of the Federal Government or of a Federal public board, agency or officer (Civ. Prac. Act, § 344-a, subd. A, par. 5; Quaker Oats Co. v. City of New York, 295 N. Y. 527).
2. Matters of public record are treated as if they were embodied in the complaint (Stahl Soap Corp. v. City of New York, 7 Misc 2d 901).
3. The pleading must be construed broadly and liberally (Condon v. Associated Hosp. Serv., 287 N. Y. 411).
4. All allegations of fact are assumed to be true (Garvin v. Garvin, 306 N. Y. 118, 120) except the truth of any conclusion of law (Sherman Plastering Corp. v. R. & R. Co., 281 App. Div. 293).
5. This court must follow the decisions of the Federal court covering the Fair Labor Standards Act (Brown v. Utica Mut. Ins. Co., 184 Misc. 693).
The issue simply put is — assuming the foregoing allegations of fact to be true supplemented by the public record hereinafter referred to for the purposes of this motion — does the complaint meet the test in the landmark case (Mitchell v. Vollmer & Co., 349 U. S. 427, 429) viz: “whether the work is so directly and *637 vitally related to the functioning of an instrumentality or facility of interstate commerce as to he, in practical effect, a part of it, rather than an isolated, local activity.”
The defendants rely in the main upon Hope v. Di Menna & Sons (27 Misc 2d 261). There, Mr. Justice Breeser after trial with considerable reluctance found that the sewer construction was not a facility of interstate commerce and divorced from local activity. Under the circumstances, “ this plaintiff was not ‘ engaged in commerce ’ ” (p. 263) or in the “ production of goods for commerce ”.
The allegations contained in the complaint recite the defendants were adjudicated by the Department of Labor to be engaged in interstate commerce which, for the purpose of this motion only, is deemed to be true. While such pronouncements are not binding upon the court, findings made and issued by the “ Wage and Hour Division of the United States Department,” the constituted agency to administer the law, are entitled to serious consideration (Mitchell v. Healy Co., 190 F. Supp. 897, revd. on other grounds 284 F. 2d 39). It is a matter of public record which the court feels at liberty to embody in the complaint (Stahl Soap Corp. v. City of New York, 7 Misc 2d 901, supra), that “ The narrows span and its $146,000,000 complex of connecting roads is in effect the southerly bypass of Manhattan proposed by the Triboro Bridge and Tunnel Authority and Port of New York Authority as part of a vast program of arterial highway construction recommended in a joint report on arterial facilities with New York, New Jersey and metropolitan area # * * these arteries as well as the bridge proper will be a
part of the national system of interstate and defense highways and will make possible the objective of the vast project — enabling New England and Long Island and New Jersey traffic to bypass congested Mid-Manhattan.” (Issued by Joint Report by Port Authority 1954).
Coupling the declaration with paragraph 12 of the complaint and the further allegation “ the construction of the aforesaid interstate highway and roads were part of and connected to the Verrazano-Narrows Bridge ”, leaves little doubt in the court’s mind for the purpose of this motion, that “ Slattery-Terry ” and the defendants are actually engaged in commerce.
It has been held that the construction, reconstruction or repair of a city street which is part of an interstate highway or which directly connects with any interstate highway is so closely related to interstate commerce moving on the existing highway as to be part of it.
*638 In applying the act to highway construction, practical rather than technical considerations are decisive (Overstreet v. North Shore Corp., 318 U. S. 125). Again ('and for the purpose of this motion only) the allegations of the complaint coupled with the public declaration originating from the constituted authority, establish that the construction work with which this plaintiff was connected contemplated and contemplates a completed complex of integrated, interstate highways inclusive of access roads sufficient to 11 predicate coverage ’ ’ under the act. That the plaintiff’s occupation has “ such a close and immediate tie with the process of production for commerce and therefore * * * necessary” is amply supported by precedent (Kirschbaum Co. v. Walling, 316 U. S. 517), It is to be observed that after the court remanded the Overstreet case to the District Court the latter held that employees engaged in maintaining and repairing the facilities (equated with new construction in Mitchell v. Vollmer & Co., 349 U. S. 427) regularly used and available for interstate commerce were engaged in commerce (Overstreet v. North Shore Corp., 52 F. Supp. 503). Overstreet is grounded on the principles enunciated in Walton v. Southern Package Corp. (320 U. S. 540); Mitchell v. Strickland Transp. Co. (228 F. 2d 124); Bennett v. Loftis Co. (167 F. 2d 286); Durkin v. Joyce Agency (110 F. Supp. 918, affd. 348 U. S. 945); Moehl v. Du Pont (84 F. Supp. 427); Salvo v. Keating (61 F. Supp. 838) and Walling v. Merchants Police Serv. (59 F. Supp. 873).
In Walton a fire insurer would reduce the premiums if night watchmen were employed. That, said the court, was evidence that the watchman would make a valuable contribution to continuous production of goods for commerce and hence was protected by the act.
In Bennett an employee was deemed covered while employed by a company constructing a bridge intended to replace a bridge which was part of interstate highway.
In Durkin, day guards and night watchmen employed by an agency (corresponding to defendants’ status) were furnished to a corporation to perform duties in warehouses from which the corporation received and distributed merchandise in interstate commerce. Court held, that such employees contributed so materially and directly to interstate commerce as to be part thereof and therefore within the act.
In Moehl, functions performed by patrolmen or guards were held to be necessary to the production of goods for interstate commerce within the rule that an employee whose duties are *639 necessary in the manufacture or processing of goods of an employer is engaged in interstate commerce and hence covered by the act.
In Salvo, one employed by a detective agency as a patrolman to guard and patrol properties of a corporation engaged in interstate commerce was deemed to be covered even though such detective agency was not engaged in interstate commerce.
This court is cognizant of Mitchell v. Zachry Co. (362 U. S. 310) (5 to 4 decision). The court holds for the purpose of this motion, that the construction of the access roads are part of an integrated interstate complex of highways, is a facility of commerce, under construction by “ Slattery and Terry that the contribution of the plaintiff is so closely related to such “ facility of commerce ” to place it in this case, in that proximity to commerce which the act demands, and is a predicate for the finding, that coverage exists if the facts alleged in the complaint will be proved upon the trial.
The complaint sets forth sufficient facts to constitute a cause of action. Motion denied.