In the Matter of LUCILE OGDEN et al., Constituting the Board of Trustees of Common School District No. 18 of the Town of Wallkill, Individually and as Taxpayers and Voters of Said School District, Petitioners, *v.* JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, November 17, 1965.

*Louis B. Scheinman* for petitioners. *Charles A. Brind* and *John P. Jehu* for respondent.

LAWRENCE H. COOKE, J. Petitioners, as the members of the Board of Trustees of Common School District No. 18 of the Town of Wallkill in Orange County and individually as taxpayers and voters therein, institute this article 78 proceeding to compel the respondent Commissioner of Education of the State to compute State aid for said district for the school year 1963–64.

The pertinent facts are not in dispute. On June 25, 1963 the Commissioner made an order consolidating said district with the Middletown City School District, effective July 1, 1963, and an article 78 proceeding was instituted resulting in an order dated May 5, 1964 by the Appellate Division which annulled that portion of the consolidation order of the Commissioner which affected District No. 18 and, on appeal, the order of the Appellate Division was affirmed by the Court of Appeals (21 A D 2d 87, affd. 14 N Y 2d 349), followed by an order after remittitur dated July 31, 1964.

Thereafter an article 78 CPLR proceeding was instituted to compel the Middletown City School District to turn over certain money and personal property to said District No. 18, which proceeding was "compromised, settled, and discontinued" by stipulation entered into by the parties. In same it was provided, among other things, that District No. 18 was entitled to reimbursement from the City District in the sum of $55,074.38 (made up of items for 1963–4 school taxes on Wallkill 18 property collected by Middletown, 1962–3 State aid payable to District No. 18 and received by Middletown, and rent for the school building of District No. 18) against which was credited money agreed to be due from the Middletown City School District to District No. 18 in the sum of $37,790 (made up of items for unpaid 1962–3 tuition, 1963–4 tuition for pupils in kindergarten, grades 1–6, grades 7–12 and special class figured differently, transportation and reimbursement for terminal leave pay of a retiring teacher), leaving the sum of $17,284.38 to be paid to District No. 18. It was also stipulated that "the Department of Education shall compute the apportionment if any of any and all state aid to which Wallkill No. 18 was or would have been entitled had con-

solidation not been in effect'' and an order embodying said term was entered.

Basically, there are three State aid formulas: that applying to '' each school district of the state employing eight or more teachers '' as specified in section 3602 of the Education Law; that applying to ''each school district of the state employing fewer than eight teachers'' as specified in section 3602–b of the Education Law; and that applying to a '' school district not maintaining a home school '' as specified in section 2043 of the Education Law.

The entire tenor of the stipulation and order entered thereon is one recognizing the facts as they actually occurred during the school year in question, 1963–64. For example, rent was paid by Middletown City School District to District No. 18 for use by the former of the school building of the latter for adult education classes, taxes collected by Middletown on District No. 18 property were turned over to the latter, tuition for educating District No. 18 pupils by Middletown was credited to the latter, and an item for transporting District No. 18 pupils to Middletown schools was computed and recognized as an offset in favor of Middletown. These items, particularly in regard to tuition and transportation, negate the idea of maintaining a home school.

Proceeding consistently and in line with the obvious intent of the parties that the matter be settled on the basis of the facts as they actually occurred, it must be recognized that District No. 18 did not employ eight or more teachers or fewer than eight teachers during the year in question and, therefore, the first two of said formulas are not germane.

Neither did District No. 18 maintain its own school nor was a school for elementary pupils maintained in said District No. 18 during the year in question. No elementary school pupils attended a public school within said District No. 18 during said year. The State aid to which District No. 18 is entitled, if any, must, logically, be computed pursuant to section 2043 of the Education Law, for a district '' not maintaining a home school ''. Under said section a school district not maintaining a home school shall be entitled to receive apportionments equivalent to the excess, if any, of the total expenditures, as approved by the Commissioner for school purposes in such district, above the amount which would result from the application to such sending district of the tax rate, on actual valuation, of the receiving district or above certain stated amounts whichever is higher. The total expenditures of District No. 18 as set forth in the stipulation were $37,790. The local contribution came to

$42,448.22 (based on the 1962 actual valuation of District No. 18 of $3,144,313 and Middletown's tax rate of .0135). (Cf. *Browne* v. *City of New York,* 213 App. Div. 206, 233, affd. 241 N. Y. 96; *Brown* v. *Sentinel Investigations Serv.,* 39 Misc 2d 635, 636.) There was no excess under said section and District No. 18 would not be entitled to an apportionment thereunder.

The situation here is unusual, to say the least, if not singular. Based on the agreement and obvious intent of the parties, in justice and on the law, petitioners are not entitled to relief. Petitioners have not shown a clear legal right to the relief sought. Petition dismissed on the merits.