■ In the Matter of LUCILLE OGDEN et al., Constituting the Board of Trustees of Common School District No. 18 of the Town of Wallkill, et al., Appellants, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.— GIBSON, P. J. Appeal from a judgment of the Supreme Court which dismissed the petition in a proceeding brought under article 78 of the CPLR by petitioners, as the trustees of, and as resident voters and owners of real property within a common school district, for judgment requiring respondent Commissioner of Education to compute school aid for that district for the school year 1963–64; this according to the formula provided with respect to " each school district of the state employing fewer than eight teachers " (Education Law, § 3602-b) ; the respondent contending, however, that section 3602-b was inapplicable and that the district's rights were governed by the provisions relating to a " school district not maintaining a home school " (Education Law, § 2043) under which, as the parties are agreed, no moneys would in this instance be payable, inasmuch as there was demonstrated no excess of expenditures over tax. The facts are clearly presented and the issues adequately outlined and correctly decided in the well considered and comprehensive opinion of Mr. Justice COOKE at Special Term (52 Misc 2d 1015) and we restate only the basic factors. The appellant common school district was, in 1963, together with other districts, consolidated with a city school district but

the Commissioner's order of consolidation was subsequently annulled. (*Matter of Ogden* v. *Allen*, 21 A D 2d 87, affd. 14 N Y 2d 349.) Petitioners, who had been unsuccessful at Special Term (40 Misc 2d 752), had not appealed Special Term's denial of their application for a stay nor did they renew their application in this court, and, in consequence, the consolidation proceeded. Nevertheless, they now take the position — to which, indeed, they are forced, if they are to come within section 3602-b and to remain without the purview of section 2043 — that the annulment of the consolidation order not merely restored the common school district to its original status as an independent district "employing * * * teachers" (§ 3602-b) and not that of a district "not maintaining a home school" (§ 2043) but had the additional effect of preserving that independent status during the period of the litigation, despite the clear and undisputable fact that throughout that period it was operated in every respect, without separate identity, by, and as a merged part of, the greater consolidated entity, and thus was neither "employing * * * teachers" nor "maintaining a home school". Appellants characterize as necessarily fictional and as irrelevant to the single remaining issue posed by this appeal, the other provisions of the stipulation of November 27, 1964, upon which the order (judgment) of December 7, 1964 was predicated; and accordingly appellants question the logic of the Special Term's opinion in looking to those many additional provisions of the stipulation as establishing the legal and actual fact of a consolidation existing for the time being but subsequently set aside. Although we by no means disapprove the rationale of the court's opinion to the extent that it rests upon an analysis of those other stipulated provisions, we find it unnecessary to resort to them. Nor do we give legal effect to the respondent's argument that the stipulation and order resulted in the appellant district "getting all its pupils educated during the school year 1963-64 in the superior educational facilities of the Middletown School System [and] also resulted in a cash payment of $17,284.38, which is purely a windfall * * * as a result of which the taxes to be levied for subsequent school years could be reduced by that amount"; and we do not give determinative weight, on the other hand, to appellants' contention that while "it is true that petitioner district received some $17,000 upon the settlement, it cannot be overlooked that during the year of the merger they had paid to the hybrid school system a considerably higher school tax, and the stipulation was, in effect, one way for [petitioner district] to get back its overpayment." Regardless of the effect given the provisions of the stipulation and resulting order to which no subsequent objection was interposed by anyone concerned, we cannot construe the stipulation as effectively establishing the legally insupportable conclusion that no consolidation was in effect nor can we direct the disbursement of State moneys upon that faulty premise and upon whatever statistical, mathematical and other bases would have to be conjectured or otherwise devised to reach the result for which appellants contend. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Gibson, P. J.