■ In the Matter of SUNHILL WATER CORP., Petitioner, v. WATER RESOURCES COMMISSION et al., Respondents.— COOKE, J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term in Albany County, to review a determination of the Water Resources Commission denying the application of petitioner for approval of its plans for the supply of water to a subdivision at Selden in the Town of Brookhaven, Suffolk County. Peti-

tioner is a domestic private water corporation organized pursuant to the Transportation Corporations Law with an assigned water service area of 350 acres in the Town of Brookhaven and presently with 912 service connections. Its system consists of mains, two 1,000 gallon per minute wells and two 15,000 gallon hydropneumatic tanks for storage. It made application for permission to extend its service area to include a tract of about 410 acres known as "Strathmore Village" developed and owned by Levitt and Sons, Incorporated, same being outside of petitioner's authorized service area and within the area previously assigned by the Water Resources Commission to the Suffolk County Water Authority. The latter opposes the application on the grounds that it can better serve the area and that the area was previously assigned to it. After a public hearing the commission denied the application, concluding that the proposed plans are not justified by public necessity nor are they just and equitable to the other municipalities and civil divisions of the State affected thereby, particular consideration being given to their present and future necessities for sources of supply. There was substantial evidence to support the commission's decision, including its finding that the vast facilities of the Authority, its sources of supply, storage, the integrated system of distribution mains along with the method of operation, maintenance and supervision of its system far outweigh the services that could be provided by the applicant. There was proof of the Authority's interconnected system of 22 wells, storage facilities with a capacity of 5.5 million gallons, laboratory for water testing, system of telemetering and maintenance crews on a full-time basis. The determinations of the Water Resources Commission within its competency and authority are not easily undone, certainly not merely because one corporation seeking to use the water resources of the State contends that it, rather than some other corporation, should have obtained the commission's approval — to the extent that, where it acts with due administration of law, the courts will not interfere with a determination of the commission in allocating a water supply, involving discretion and the exercise of judgment, when that determination is supported by substantial evidence (*Swan Lake Water Corp.* v. *Suffolk County Water Auth.*, 20 N Y 2d 81, 85–86; *Matter of Niagara Falls Power Co.* v. *Water Power & Control Comm.*, 267 N. Y. 265; *Matter of Swan Lake Water Corp.* v. *Water Resources Comm.*, 31 A D 2d 44; *Matter of Suffolk County Water Auth.* v. *Water Power & Control Comm. of State of N. Y.*, 12 A D 2d 198, 202). In 1962 the commission, after a public hearing and by its decision number 4287, assigned a specific area of 3.224 square miles in the Town of Brookhaven, including the 410 acres in controversy, to the Suffolk County Water Authority, subject to the following condition: "The Suffolk County Water Authority may, without the further approval of this Commission, extend its supply and distribution mains and supply water within the area as shown on a map marked Exhibit D and forming a part of this petition. Provided, however, that nothing in this decision contained shall be held  *  *  *  to authorize said Suffolk County Water Authority to enter into competition with or to parallel the distribution mains of any waterworks system, either publicly or privately owned, now legally established in this area or which hereafter legally may be established therein". This condition does not prevent the Authority from serving the 410 acre area in question, as claimed by petitioner, because petitioner was not in 1962, nor is it now, legally established in said area. Subdivision 2 of section 450 of the Conservation Law was amended by chapter 254 of the Laws of 1968, effective May 14, 1968, so as to provide that "Approval by the Water Resources Commission shall not be necessary of any plans or work for the extension of supply or distributing mains or pipes of a county water authority into and for the purpose of supplying water in any territory

assigned to such county water authority within the limits of the county but excluding territory specifically assigned to private or other municipal water companies by the Water Resources Commission, which has not been heretofore supplied with water by such county water authority * * * provided, however, that nothing herein contained shall be held to authorize such county water authority to enter into competition with, for the purpose of service in the area served by the mains, the transmission or distribution mains of any other water works system, either publicly or privately owned, already legally established in said county for the sale of water at wholesale or retail, or which hereafter may legally be established for said purpose ". The statutory limitation upon the extension of a county water authority's mains is not applicable here since the area in question is not an area served by petitioner's mains, transmission or distribution mains. Paragraph (f) of subdivision 1 of said section 450 was amended by chapter 491 of the Laws of 1968, effective June 5, 1968, so as to dispense with prior Commission approval of any extension of a public water supply main " within a service area approved by the water resources commission after public hearing ". Public records, of which judicial notice may be and is taken (*Hunter* v. *New York, Ontario & Western R. R. Co.*, 116 N. Y. 615, 621; *Browne* v. *City of New York*, 213 App. Div. 206, 233, affd. 241 N. Y. 96; *Brown* v. *Sentinel Investigations Serv.*, 39 Misc 2d 635, 636, 637; Fisch, New York Evidence, § 1063, n. 24), demonstrate that the works authorized by decision 4287 were fully completed by December 1, 1965 and, therefore, said decision, under the terms of a condition stated therein, did not lapse or become of no force and effect. Determination confirmed and petition dismissed, with one bill of costs to respondents. Gibson, P. J., Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Cooke, J.; Aulisi, J., not voting.